UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RICHARD MARRERO,

Supervisee.

No. 11-cr-752 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is Supervisee's motion to modify or vacate his restitution order. (Doc. No. 95.) For the reasons stated below, the motion is denied without prejudice to renewal.

In 2014, Supervisee pleaded guilty to a fourteen-count Information that included charges of bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d); conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. (Doc. No. 36.) Later that year, the Court sentenced Supervisee to sixty months' imprisonment, to be followed by a ten-year term of supervised release. (Doc. No. 46.) As part of Supervisee's sentence, the Court ordered restitution in the amount of $91,806.00. (*Id.*) Supervisee subsequently violated the conditions of his supervised release in 2023, at which time the Court revoked his term of supervised release and sentenced him to eighteen months' imprisonment, followed by an additional five-year term of supervised release. (Doc. No. 94.) Supervisee now alleges that he is no longer able to work after suffering "[three] strokes in 2023," leaving him dependent on "Social Security benefits" for his income. (Doc. No. 95 at 1.) Upon learning that his Social Security payments are being garnished

pursuant to his restitution order, Supervisee asks the Court to "modif[y], reduce[], or remove[]" his restitution obligations.  (*Id.* at 2.)

"It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances."  *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010).  And under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A(a)(1); 3663A(c)(1)(A)(i), a sentence imposing an order of restitution is a final judgment.  *See id.* § 3664(o).  Thus, apart from certain limited exceptions delineated in 18 U.S.C. § 3664(o), courts may not remit or reduce the amount of restitution imposed at the time of sentencing.  Courts may, however, "adjust the payment schedule[]" upon notification of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."  *Id.* § 3664(k); *see also United States v. Teeple*, No. 13-cr-339-2 (VEC), 2016 WL 1328939, at *2 (S.D.N.Y. Apr. 5, 2016).

Given the language of the statute, the Court cannot grant Supervisee's request to "remove[]" his restitution obligations. (Doc. 95 at 1.)  And to the extent that Supervisee seeks a modification of his payment schedule, he has not provided supporting documentation – including details about his residency, required monthly expenditures, and medical records demonstrating his disability and prognosis for recovery – that reflect a material change in his economic circumstances.  *See United States v. Gorrick*, No. 08-cr-1000-3 (ER), 2023 WL 3741979, at *1 (S.D.N.Y. May 30, 2023) ("Where the defendant fails to demonstrate, with the appropriate supporting documentation, a material change in financial circumstances since the time of sentencing, the court will not modify the current payment schedule."); *see also United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000) ("A change of the sort contemplated by the [MVRA] is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed.").  The Court therefore lacks a basis to evaluate whether an adjustment to Supervisee's restitution obligations is appropriate.

Accordingly, Supervisee's motion is denied without prejudice, subject to Supervisee providing supporting documentation that indicates a material change in his financial circumstances.

SO ORDERED.

Dated:      June 17, 2026
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation